[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-15925
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2009
THOMAS K. KAHN
CLERK

D.C. Docket  No. 06-00223-CR-02-ODE-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                          versus

MUZA KIM,
STEVE KIM,
a.k.a. Gyu Young Kim,

                                        Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(January 12, 2009)

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,* District Judge.

_____

*Honorable Edward Korman, United States District Judge for the Eastern District of New York,
sitting by designation.

PER CURIAM:

Steve Kim and his father, Muza Kim, (collectively, the "Kims" and, independently, "Steve" and "Muza") appeal their convictions for copyright infringement. The Kims and their business, Star Graphics, Inc. ("Star Graphics"),[1] were charged with three counts of trafficking in counterfeit apparel bearing the registered trademarks of "Sean John®," "Ecko®," and "Phat Farm®" in violation of 18 U.S.C. § 2320(a) and one count of reproducing and distributing depictions of "Cosby Kids" images of "Fat Albert" on apparel, without permission of the copyright holder, William H. Cosby, Jr., in violation of 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1). The jury acquitted the Kims of the three trafficking counts; but found them guilty of the copyright infringement count. Neither argument is meritorious. No reversible error having been shown, we AFFIRM.

## I.  BACKGROUND

The Kims argue on appeal that the evidence was insufficient to support their convictions for copyright infringement. Muza also argues that the district court abused its discretion when it denied his mid-trial motion for severance.

---

[1]Star Graphics, Inc. is not a party to this appeal nor is any issue involving forfeiture.

## II. DISCUSSION

A. <u>Sufficiency of the Evidence</u>

We review the sufficiency of the evidence to support a guilty verdict <u>de novo</u>, viewing the evidence in the light most favorable to the government. <u>United States v. Klopf</u>, 423 F.3d 1228, 1236 (11th Cir. 2005). We accept all reasonable inferences and credibility choices in favor of the jury's verdict. <u>United States v. Tinoco</u>, 304 F.3d 1088, 1122 (11th Cir. 2002). If a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt, we will affirm the verdict. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). "Because the jury is free to choose among reasonable constructions of the evidence, the evidence may be sufficient even if it is not entirely inconsistent with conclusions other than guilt." <u>United States v. Ndiaye</u>, 434 F.3d 1270, 1294 (11th Cir. 2006). The evidence is sufficient unless no reasonable trier of fact could find guilt established beyond a reasonable doubt. <u>See</u> <u>United States v. Lyons</u>, 53 F.3d 1198, 1202 (11th Cir. 1995).

To establish criminal infringement of a copyright, the government must show (1) infringement of a copyright; (2) done willfully; (3) for the purposes of commercial advantage or private financial gain. 17 U.S.C. § 506(a); <u>United States v. Goss</u>, 803 F.2d 638, 642 (11th Cir. 1986). The Kims contend that the

government's evidence was insufficient to prove beyond a reasonable doubt that (1) the graphic produced by Star Graphics was similar enough to the copyrighted image of Fat Albert to support infringement; and (2) the Kims acted with the requisite willfulness. See 17 U.S.C. § 506(a)(2) (evidence of reproduction or distribution of copyrighted work, without more is insufficient to establish willfulness).

The Kims focus on the dissimilarities of the images Star Graphics produced--labeled "Big Face" internally within Star Graphics--with the copyrighted Fat Albert image. The Kims note that "Big Face," unlike Fat Albert, wears a bandanna or dew rag on his head, wears jewelry, and portrays a persona very different than the clean-cut, friendly Fat Albert persona. The Kims make much of testimony that the copyright owner of Fat Albert would never have approved of "Big Face" as a rendition of Fat Albert. They argue that, to the extent the images were similar, the similarity could not support a copyright infringement conviction because the similarity did not relate to the portion of the Fat Albert copyrighted work that was of value to the copyright holder.

A copyrighted work may be infringed although no exact reproduction is shown. See United States v. O'Reilly, 794 F.2d 613, 615 (11th Cir. 1986) (per curiam). Infringement may be found when the reproduction contains similarities

4

to the copyrighted work that relate to a substantial portion of the copyrighted work of value to the copyright owner. Id. An infringer cannot "excuse the wrong by showing how much of his work he did not pirate;" "it is enough that substantial parts were lifted." Id. (quotation marks and citation omitted). Whether infringement has occurred is a question of fact for a jury to decide. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1213 (11th Cir. 2000).

The jury heard witness testimony about the similarities between the copyrighted Fat Albert images and the "Big Face" images and the jury itself observed images of the copyrighted Fat Albert and images of the Kims' "Big Face." That the images differed some -- or even that the copyright holder would not approve the "Big Face" image -- is no legal bar to a finding of infringement. The cited differences and disapproval were matters for the jury to consider in making the factual determination of infringement; the jury was free to find infringement based on its assessment of the similarity of the images and on the other evidence.

The Kims argue that the evidence was insufficient to show the infringement was willful. Steve was Vice President and Art Director of Star Graphics and was in charge of the facility where the counterfeit images were found. Also, Federal Rule of Evidence 404(b) informed the jury of Steve's 1999 indictment and

5

conviction on criminal trademark counterfeiting charges. From this evidence, the jury reasonably could infer Steve's awareness of the illegality of his acts and that he purposely infringed on the Fat Albert copyright with the intent to disobey the law. Muza was President, Chief Executive Officer, and Chief Financial Officer of Star Graphics and was in charge of distributing the counterfeit goods. Evidence was introduced that Muza made statements to buyers from which his awareness of the unlawfulness of the "Big Face" images and his willful intent reasonably could be inferred.

Based on the evidentiary record, we cannot say that no reasonable jury could find Steve Kim and Muza Kim guilty beyond a reasonable doubt of copyright infringement.[2]

## B. Motion for Severance

Muza argues that the district court abused its discretion when it refused his mid-trial motion to sever his trial from that of his son, Steve. Muza contends that the Rule 404(b) evidence of Steve's earlier conviction for trademark counterfeiting constituted specific and compelling prejudicial evidence that

---

[2] To show copyright infringement, the government also must have proved that the Kims engaged in the infringing conduct for purposes of commercial advantage or personal financial gain. See Goss, 803 F.2d at 642. The Kims take no issue with the sufficiency of the evidence on this point.

prevented the jury from making a reliable judgment about the guilt or innocence of Muza.[3]

In general, "defendants who are jointly indicted should be tried together." United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005). When ruling on a severance motion, a district court should "balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." Id. Only when a defendant can show "specific and compelling prejudice" resulting in "fundamental unfairness" is the motion due to be granted. Id. We review the denial of a motion to sever for clear abuse of discretion. United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) (per curiam). "[A]ppellate courts are generally reluctant to second guess a district court's decision on severance." Baker, 432 F.3d at 1236. A motion for severance should be made prior to trial, and unless the grounds were unknown prior to trial, a mid-trial motion is considered untimely. Fed. R. Crim. P. 12(b)(b)(D); United States v. Butler, 611 F.2d 1066, 1071 (5th Cir. 1980).

---

[3] We note that the government provided notice of the Rule 404(b) evidence weeks before the trial began; no severance motion was filed until the middle of the trial. Federal Rule of Criminal Procedure 12(b)(3)(D) requires that a Rule 14 severance motion be made before trial commences. See United States v. Baker, 432 F.3d 1189 (11th Cir. 2005) (mid-trial motion for severance untimely under Rule 12(b)(3)(D)).

In this case, the district court denied Muza's motion to avoid retrying his case, which was then in its third day.

In any event, Muza's mid-trial severance motion was untimely. Weeks prior to trial, Muza was on notice of the government's intent to introduce this evidence. He has provided no reason as to why he waited until mid-trial to bring his motion. In light of the untimeliness of the motion, the complete absence of a reason for that untimeliness, and the public's interest in the efficient and economic administration of justice, we cannot say the district court abused its discretion when it denied Muza Kim's mid-trial severance motion.

### III. CONCLUSION

The Kims, acquitted of three counts of criminal trafficking in counterfeit apparel and convicted by a jury of criminal copyright infringement, appeal the conviction on the bases of insufficiency of the evidence as to substantial similarity between images pirated and those registered and as to willfulness. Having reviewed the record and briefs of the parties, we find no reversible error. Accordingly, the Kims' convictions are **AFFIRMED.**